```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEREMY KLEIN,                                     :
                                                  :
                Plaintiff,                        :            SUMMARY ORDER
                                                  :
         -against-                                :            10-CV-2379 (DLI)
                                                  :
DOMINIK PIECHOCZEK,                               :
                                                  :
                Defendant.                        :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

This action was initiated by plaintiff Jeremy Klein against defendant Dominik Piechoczek on May 26, 2010. Plaintiff alleges negligence arising out of an automobile accident between the parties on the New Jersey Turnpike that occurred on August 7, 2007. On September 27, 2010, defendant filed a request for a pre-motion conference, seeking to dismiss the action on statute of limitations and lack of personal jurisdiction grounds. On November 15, 2010, the court issued an Order to Show Cause why this matter should not be transferred to the U.S. District Court for the District of New Jersey.

At the November 16, 2010 pre-trial conference, plaintiff conceded that venue was improper in this district, but requested, pursuant to 28 U.S.C. § 1406(a), that the court transfer the matter to an unspecified District Court in Florida.[1]  Defendant argued that the court should decide its motion to

---

[1] The court rejected the request outright, noting that Florida had no connection to the matter, other than the fact that defendant resides there, and that venue in the District of New Jersey was proper because the accident occurred in New Jersey and the majority of the witnesses would be found in New Jersey and the surrounding metropolitan area. The court also recognized the request for what it was— a transparent attempt at forum shopping in the hopes of obtaining a forgiving statute of limitations. The court further found reprehensible plaintiff counsel's willingness to add, unnecessarily and unjustifiably, to his client's litigation costs by forcing witnesses to travel the longer distance to Florida (with added lodging and other costs) and requiring the retention of a Florida attorney.

1

dismiss on the merits as the court could not transfer the matter because it lacked personal jurisdiction over him, a contention the court quickly rejected.[2]

## Discussion

Under 28 U.S.C. § 1406 (a), the district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The transferee court must be one in which the action could have been properly filed initially, satisfying venue and personal jurisdiction requirements. *See SongByrd, Inc., v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000).

Venue is clearly improper here.  There is no doubt that this action could have been brought in the District of New Jersey because the conduct giving rise to this action (*i.e.*, the car accident on the N.J. Turnpike) took place in New Jersey. *See* 28 U.S.C. § 1391(a) (1).  It also appears that defendant subjected himself to personal jurisdiction in New Jersey by driving on the N.J. Turnpike.  Thus, the court finds that it is in the interests of justice to transfer this action to the District of New Jersey, pursuant to 28 U.S.C. § 1406(a).  The issues of personal jurisdiction and statute of limitations were never formally raised via motion by defendant.  Defendant may raise those issues before the transferee court.

SO ORDERED.

DATED: Brooklyn, New York
       November 17, 2010

                                                    /s/
                                       DORA L. IRIZARRY
                                  United States District Judge

---

[2] *See McGowan v. Marrzan*, 2010 WL 3529132, at *1 (S.D.N.Y. Aug. 26, 2010) ("A court lacking personal jurisdiction over a defendant may transfer the case to another jurisdiction where venue is appropriate and personal jurisdiction may be had if such a transfer is in the interest of justice."); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).